STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Wesco, Inc.      }
                                     }
                                     } Docket Nos. 65-3-00 Vtec and
                                     } 66-3-00 Vtec
                                     }
                                     }

### Decision and Order on Appellant= s Motion for Partial Summary Judgment

Appellant Wesco, Inc., appealed from two decisions of the Development Review Board (DRB) of the City of South Burlington denying its application for site plan approval of a 7-fueling-position proposal (Docket No. 65-3-00), and denying its applications for site plan approval and amended conditional use approval of a 5-fueling-position proposal (Docket No. 66-3-00 Vtec). Appellant is represented by Elizabeth H. Miller, Esq.; the City is represented by Joseph S. McLean, Esq. Appellant has moved for partial summary judgment on two issues: 1) whether the DRB may base a denial on findings that conflict with findings made in an unappealed conditional use approval previously granted by the prior Zoning Board of Adjustment (ZBA); and 2) whether the removal of one gasoline pump requires an amendment to the conditional use approval previously granted by the ZBA.

The following facts are undisputed unless otherwise noted.

Appellant owns an approximately 40,440-square-foot lot at 1108-1118 Williston Road in the Commercial 1 zoning district and in Traffic Overlay Zone 2. A gasoline service station now known as University Texaco has existed on the site since at least 1968. The City states that zoning regulations have been in effect A at all material times,@ but does not state when zoning was adopted in the City, and more particularly, when the Traffic Overlay District in Article XXI of the Zoning Regulations was adopted[1]. The face page of the Zoning Regulations provided as Appellant= s Exhibit D shows an earliest effective date of September 12, 1994.

Under the Zoning Regulations, a gasoline service station is a permitted use in the Commercial 1 zoning district. A convenience store is a conditional use in the Commercial 1 zoning district. Conditional uses require approval under ' 26.05. Site Plan review under ' 26.10 is required for any A new use, change in use, or expansion of use@ other than agriculture, forestry, or one- or two-family dwellings on single lots. Section 26.65 also requires conditional use approval for multiple uses on a single lot, even if the uses themselves are each permitted uses that would not otherwise require conditional use approval. Section 21.00 requires new and expanded uses in the Traffic Overlay District to meet certain size limitations, except that under ' 21.50 the Planning Commission may approve higher peak hour traffic volumes for pre-existing lots that meet certain criteria.

The existing improvements on Appellant= s property are an existing garage building and three double-sided gasoline pumps and a single diesel pump, for a total of seven fueling positions, at least some of which are > full service= rather than > self service= positions. The location of the pumps and canopy do not comply with the setback regulations, but are authorized under a variance; nonconformities of setback are not at issue in the present appeals.

Appellant proposes to convert the existing service station building into a convenience store and deli (with 12 seats), to construct a 456-square-foot addition for convenience store use (for a walk-

in cooler and storage), and to continue the existing gasoline sales on a self-service basis from either the seven existing fueling positions or from five of the existing seven fueling positions.

On July 29, 1999, the then-Zoning Board of Adjustment (ZBA) granted Appellant conditional use approval to convert the existing service station building into a convenience store and deli (with 12 seats), to construct a 456-square-foot addition for convenience store use, and to continue the existing gasoline sales from the seven fueling positions. In its 1999 decision, the ZBA considered the traffic overlay district requirements. It found that the allowed traffic generation for this property under ' 21.303 would be a maximum of 20.22 vehicle trip ends (VTEs) during the afternoon peak hour. Although the ZBA found that the traffic predicted to be generated by the current use would be 88.8 VTEs (approximately four times the permitted peak traffic generation), it also found that the change in use to convert the garage to a convenience store and deli would not result in any additional vehicle trips during the afternoon peak hour, and that the actual traffic generated by the existing facility is 31% less than that predicted. No appeal was filed of that decision and it became final. Appellant promptly applied for site plan approval for the 7-fueling-position proposal.

As of August 1, 1999, the City converted its ZBA and Planning Commission to a unified Development Review Board. After several hearings and meetings regarding the site plan proposal over the course of the fall of 1999, and based on discussions at those hearings and meetings, in December 1999 Appellant filed a revised application for site plan approval for the 5-fueling-position proposal.

In January, 2000, Appellant applied to the DRB for an amendment to its July 1999 conditional use approval, seeking approval of the reduction of the gasoline pumps from 3 to 2, that is, a reduction in the fueling positions from seven to five.

In February, 2000, Appellant sought site plan approval from the DRB for the original 7-fueling-position application.

On March 7, 2000, the DRB issued two separate written decisions regarding Appellant= s applications for the University Texaco site. The decision on appeal in Docket No. 65-3-00 Vtec denied Appellant= s application for site plan approval for the 7-fueling-position proposal which had received conditional use approval in 1999. The decision on appeal in Docket No. 66-3-00 Vtec denied both Appellant= s application for site plan approval for the 5-fueling-position proposal and Appellant= s application for amended conditional use approval for the 5-fueling-position proposal. Both decisions were based at least in part on the Traffic Overlay District considerations in ' ' 21.30 and 21.50.

First, Appellant is entitled to the benefit of its final conditional use approval for the 7-fueling-position proposal, unless that approval has expired under the provisions of ' 27.302. That section provides that the approval expires in six months unless A there is a reasonable amount of objective evidence@ of Appellant= s A intent to pursue the furtherance of the project.@ Under the circumstances of this case, despite the passage of time, Appellant has diligently pursued site plan approval of, first, the 7-fueling-position proposal, and then the alternative 5-fueling-position proposal. Therefore, the July 1999 conditional use approval has not expired; Appellant holds conditional use approval for the 7-fueling-position proposal. Any amendment application for the 5-fueling-position proposal may only reexamine the differences caused by the reduction in two fueling positions and any changes in pump configuration or placement. It may not reopen those aspects of the 1999 conditional use approval that are not changed by the reduction in fueling positions.

Similarly, as an existing use within the traffic overlay zone, the property is entitled to continue the level of traffic generation of the pre-existing use, even if it exceeds that which would be allowed for a new or an expanded use. The application for site plan approval of the 7-fueling-position

proposal must be considered under the standards of ' 26.102, independently of whether the project requires or has obtained conditional use approval. That task is de novo in this Court. Those review standards include vehicular access and circulation, and other similar site factors A directly interrelated@ with the specific review standards. Consideration of the effect of traffic on adjoining roadways is not within the scope of site plan review. However, it is within the scope of the Planning Commission= s authority under ' 21.50, to determine whether the proposed use will or will not increase peak hour traffic volumes above that generated by the existing use. The comparison should be between the existing service station with seven fueling positions, and the proposed convenience store with seven (or five) fueling positions. That task is also de novo in this Court, and will be the subject of at least a portion of the merits hearing in this matter.

Appellant argues that the 5-fueling-position proposal should not require conditional use approval, because it only reduces the intensity of the use. Appellant is correct that the 5-fueling-position proposal does not require a completely new conditional use approval, but it does require an amendment, as ' 26.056 requires review of any A alteration@ or A other change@ to an existing conditional use, and not merely for an expansion of a conditional use. The scope of the review in the amendment proceedings should revisit any aspect of the application that would change with the reduced number of fueling positions.

Accordingly, based on the foregoing, Appellant= s Motion for Partial Summary Judgment is Granted in Part and Denied in Part. Appellant is entitled to the benefit of its final conditional use approval for the 7-fueling-position proposal, which has not expired. The DRB and hence this Court is responsible to assess the proposal independently under ' 21.50 as well as for site plan review. The 5-fueling-position proposal must undergo review for an amended conditional use approval, as well as site plan review for the altered configuration with five fueling positions.

We will hold a telephone conference on May 11, 2001, to discuss the next appropriate step in these related cases.

Done at Barre, Vermont, this 3rd day of May, 2001.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]    This is important because Appellant has certain vested rights to continue the level of traffic generation at the site as a preexisting nonconforming use under the requirements of the Traffic Overlay District.